**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**REX M. MARTINEZ, ESQ.**
Nevada Bar No. 15277
E-mail: rmartinez@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SELENA ESCOBAR, an Individual, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| SUTHERLAND GLOBAL SERVICES INC., a Foreign Corporation, | |
| Defendant. | |

The Plaintiff Selena Escobar ("**Ms. Escobar**" or "**Plaintiff**") by and through her attorneys, Jenny L. Foley, Ph.D., Esq. and Rex M. Martinez, Esq., of HKM Employment Attorneys LLP, hereby amends her Complaint and alleges as follows:

## JURISDICTION

1.  This is an action for damages brought by Plaintiff for unlawful workplace discrimination and retaliation based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and Nevada Revised Statute §613.330 *et seq*; discrimination and retaliation under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 *et. Seq.* and for certain claims brought pursuant to the Nevada Revised Statutes as outlined below.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. § 1367.

3. All material allegations contained in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

4. On or about June 7, 2020, Plaintiff initiated the process of filing a Charge of Discrimination against her employer, the Defendant named in this action with the United States Equal Employment Opportunity Commission ("EEOC") wherein he alleged discrimination based on race, national origin, age, and retaliation.

5. On or about September 23, 2020, Plaintiff received her Notice of Right to Sue from the EEOC.

6. This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the preceding paragraphs, as though fully set forth herein.

9. Plaintiff is a United States citizen and current resident of Clark County, Nevada.

10. Defendant SUTHERLAND GLOBAL SERVICES INC. (hereinafter "**Sutherland**" or "**Defendant**") is a foreign corporation and an employer in the State of Nevada.

11. At all times relevant to this matter, Defendant had over 100 employees, and is therefore subject to the provisions of Title VII.

12. Plaintiff is a disabled Hispanic female.

13. Plaintiff first began her employment with Defendant in April 2019 as a Human

Resources Manager.

14. She was qualified for the position and performed all of her duties satisfactorily.

15. Plaintiff has been recognized for her superior service on several occasions.

16. During her tenure at Sutherland, Ms. Escobar never had any disciplinary issues.

17. Jackie Banjavcic (**"Ms. Banjavcic"**), a Caucasian female, is an Assistant Vice-President of Human Resources and was Plaintiff's supervisor.

18. In or about June of 2019, Defendant hired Rachel Spencer (**"Ms. Spencer"**), a Caucasian female, as a Human Resources Manager.

19. Ms. Banjavcic was located in Canada and was the supervisor of Plaintiff and Ms. Spencer.

20. Immediately after Ms. Spencer was hired, Ms. Banjavcic began showing marked favoritism to Ms. Spencer.

21. Upon information and belief, Ms. Banjavcic also began making derogatory comments to Ms. Escobar, indicating she did not feel Plaintiff was qualified for her position.

22. This new hostility only began after the hiring of a Caucasian female, which came as a surprise given that Ms. Banjavcic and Brian Davis ("Mr. Davis"), Vice-President of Operations, were instrumental in hiring Plaintiff

23. Ms. Banjavcic insisted Ms. Spencer be given a larger office than the office Plaintiff was given when she began her tenure.

24. Initially the Plaintiff began working in the smallest available office, while Ms. Banjavcic moved another employee from that larger office to ensure that Ms. Spencer would not have to work in the same smaller office.

25. On a daily basis Plaintiff had to undergo countless incidents like this that demonstrated Defendant's clear preference for Ms. Spencer, a Caucasian female, over Plaintiff, a disabled Hispanic female.

26. Moreover, Ms. Banjavcic would make unconstructive comments about how she should have hired someone else and would only focus them at Plaintiff.

27. During performance reviews, Ms. Banjavcic's feedback would focus on

Plaintiff's personal traits rather than her job performance.

28. Upon information and belief, Ms. Banjavcic would hold meetings without Plaintiff that would directly affect Plaintiff's job and responsibilities.

29. Plaintiff complained to Becky Mortlock ("Ms. Mortlock"), Vice-President of Human Resources about the ongoing harassment and the incidents involving Ms. Spencer and Ms. Banjavcic.

30. It was noted that Ms. Banjavcic had a "clear affinity" for Ms. Spencer.

31. Ms. Banjavcic would often dispute with Plaintiff that she did not have her door "open enough," a rule that did not apply to Ms. Spencer.

32. Because of the pervasive harassment, Plaintiff had to seek mental health treatment for the stress.

33. On or about August 2, 2019, Plaintiff requested accommodations under the Americans with Disabilities Act ("ADA").

34. On or about August 14, 2019, Plaintiff's physician provided specific accommodations requests, which included a request that Plaintiff be permitted to work from home up to fifty percent (50%) of the time until February.

35. The very next day, Defendant denied this request under the pretext that Plaintiff needed to be on site when employees were there.

36. This response was pretextual and unreasonable because there were employees on site for approximately twenty-three (23) hours per day and there is not a Human Resources Manager on duty at all times.

37. Furthermore, a significant amount of Plaintiff's supported lines of business was outside of her regularly scheduled shift, which was typically 8:00am to 4:00pm or 9:00am to 5:00pm Monday through Friday.

38. In addition, other employees, specifically Rochelle French, Director of Human Resources, was permitted to work remotely on a specific project, until that project was given to Ms. Spencer upon her arrival.

39. Plaintiff submitted complaints with management and human resources regarding

the denial of her ADA accommodations, but she received no explanation.

40. On or about August 16, the day after Plaintiff's previous ADA accommodation was denied, Plaintiff opened another ADA request with Defendant.

41. Shortly thereafter, on or about September 18, 2019, Defendant terminated Plaintiff.

42. To this day, Defendant has still not provided a reason for Plaintiff's termination.

43. During the termination meeting, Ms. Banjavcic told Plaintiff that she could stay under the condition that she keep her door open and treat Ms. Spencer better.

44. Plaintiff stated that Ms. Spencer did not have to keep her door open.

45. Plaintiff also disputed that she had been mistreating Ms. Spencer.

46. Ms. Banjavcic then terminated Plaintiff because "you're not a fit" and told Plaintiff to "get your stuff and go."

47. That is the closest thing to an explanation that Plaintiff has received.

48. Upon information and belief, Defendant discriminated against Plaintiff on the basis of race and retaliated against her not only for reporting the discrimination but also for her request for ADA accommodations.

## FIRST CAUSE OF ACTION

**(Discrimination Based on Race and Disability in violation of State and Federal Statutes)**

49. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

50. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, disability, or a combination of both.

51. Defendant as an employer is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq., Americans with Disabilities Act, 42 U.S.C. ch. 126 § 12101 et seq., Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff with a work environment free from discrimination and harassment.

52. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff by knowingly allowing an employee to harass Plaintiff because of her race, by

failing to address Plaintiff's complaints of racial discrimination, and by failing to honor Plaintiff's requested and approved disability accommodations.

53. No other similarly situated persons who not of Plaintiff's protected class were subject to the same or substantially similar conduct.

54. Plaintiff suffered adverse economic impact due to Defendant's discriminatory behavior and termination.

55. Plaintiff was embarrassed, humiliated, angered, and discouraged by the discriminatory actions taken against her.

56. Plaintiff suffered compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety, and depression resulting from this unlawful discrimination by her employer.

57. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

58. Pursuant to 1991 Amendments to Title VII, Plaintiff is entitled to recover punitive damages for Defendant's intentional repeated violations of federal and state civil rights laws.

59. Plaintiff suffered damages in an amount deemed sufficient by the jury.

60. Plaintiff is entitled to an award of reasonable attorney's fees.

61. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her race and disability.

62. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION

**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and State Law, NRS 613.340)**

63. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

64. In violation of 42 U.S.C § 200e-3, Defendant retaliated against Plaintiff after she complained of acts which she reasonably believed were discriminatory.

65. In violation of NRS 613.340 Defendant retaliated against Plaintiff after she complained of acts, which she reasonably believed were discriminatory.

66. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff.

67. The actions and conduct by Defendant constitute illegal retaliation which is prohibited by federal and state statutes.

68. Plaintiff suffered damages in an amount deemed sufficient by the jury.

69. Plaintiff is entitled to an award of reasonable attorney's fees.

70. Defendant is guilty of oppression, fraud or malice, express or implied because Defendant knowingly and intentionally retaliated against Plaintiff because she submitted a complaint of mistreatment and discrimination with the Vice President of Human Resources.

71. Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## THIRD CAUSE OF ACTION

**(Violation of the Americans with Disabilities Act)**

72. Plaintiff hereby repleads, re-alleges and incorporates by reference each previous allegation contained in the paragraphs above, as though fully set forth herein.

73. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

74. Anxiety & Depression limit at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

75. Plaintiff was fully qualified to be a Human Resources Manager and could

perform the essential functions of the position.

76. Defendant is a covered employer to which the ADA applies.

77. Defendant discriminated against Plaintiff's because of her Anxiety & Depression and failed to provide reasonable accommodations to the Plaintiff.

78. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer both economic and non-economic harm.

## FOURTH CAUSE OF ACTION

**(Intentional/Negligent Infliction of Emotional Distress)**

79. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

80. Defendant's conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness, anxiety, depression, and various physical and mental distress.

81. Defendant's conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

82. Defendant had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

83. Defendant breached that duty.

84. Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

85. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

86. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

87. Plaintiff has had to obtain the services of an attorney to protect her rights and

secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees against Defendants.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims;

moreover, to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate her (including tax consequences) for all economic losses of any kind, and otherwise make her whole in accordance with Title VII, the Americans with Disability Act, and certain claims brought pursuant to the Nevada Revised Statutes;

    c. General damages;

    d. Special damages;

    e. An award of compensatory and punitive damages to be determined at trial;

    f. Pre- and post-judgment interest;

    g. An award of attorney's fees and costs; and

    h. Any other relief the court deems just and proper.

Dated on this 18th Day of December, 2020.

**HKM EMPLOYMENT ATTORNEYS, LLP**

*/s/ Jenny L. Foley*
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
**REX M. MARTINEZ, Esq.**
Nevada Bar No. 15277
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 805-8340
Fax: (702) 805-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*